## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

1. I, Anthony Saler, upon being duly sworn, hereby depose and state the following:

2. I have been a Special Agent with the United States Secret Service (USSS) since August 2000. I am currently assigned to the Washington D.C. Metropolitan Area Fraud Task Force. My duties include investigations of identity theft, access device fraud, mail and wire fraud, financial institution fraud, advance fee schemes, and money laundering. I also serve as the agent in charge of our asset forfeiture program.

3. I graduated from Georgetown University Law Center in 1993. I then worked at the Federal Bureau of Investigation (FBI) Legal Forfeiture Unit. I have also worked at the Commodity Futures Trading Commission and the Immigration & Naturalization Service.

4. I have published articles related to money laundering and asset forfeiture in legal journals. I have also attended numerous FBI and U.S. Department of Justice (DOJ) conferences on money laundering and asset forfeiture including DOJ seminars on Sophisticated Money Laundering & Asset Forfeiture and Asset Forfeiture Financial Investigations.

5. Pedro DosSantos has worked intermittently at Georgetown University since 1998. His most recent position was as the Associate Director and Program Coordinator for the Political Database and Brazilian Studies Program.

6. DosSantos was fired from Georgetown University on March 23, 2005, after it discovered that he had defrauded the University.

7. In late January 2005, an Account Representative from Riggs Bank notified the Accounts Payable Department at Georgetown University that Georgetown University checks made payable to Nelson Arias, Inc., had been deposited into an account in the name of Pedro DosSantos.

8. In February 2005, the Accounts Payable Department at Georgetown University contacted the Internal Audit Department of Georgetown University and advised that it had received an inquiry from Riggs Bank relating to Georgetown University checks that had been made payable to Nelson Arias, Inc.

9. The Internal Audit Department of Georgetown University then examined other checks made payable to Nelson Arias, Inc. The audit revealed that some of those checks had been endorsed with a signature in the name of Nelson Arias with the account # xxxxxxxxxx hand written on the back of the check below the endorsement. The audit also showed that other checks had been endorsed with a signature in the name of Nelson Arias with the account # xxxxxxxxxx hand written on the back of the check below the endorsement.

10. Georgetown University also examined its payroll records and discovered that Pedro DosSantos had designated that his payroll checks be deposited into account # xxxxxxxxxx. On 3/24/05, I spoke to an investigator for SunTrust Bank. He advised me that Pedro DosSantos was an account holder on account # xxxxxxxxxx and account # xxxxxxxxxx.

11. Georgetown University examined its account payable records and determined that from approximately 10/17/01 to 1/27/05, it had issued approximately 110 checks made payable to Nelson Arias, Inc. The total amount of these checks was approximately $311,000.

12. The Georgetown University Accounts Payable Department issued the checks to Nelson Arias, Inc., as a result of expense vouchers and invoices that it received. All but 2 (two) of the expense vouchers list the requestor as Pedro DosSantos and the approving official as Naomi Moniz. The expense vouchers indicated that the purpose of the payments was consulting fees, seminars, or honoraria payments.

13. Moniz is the Brazilian Program Studies Director and DosSantos' supervisor. At the request of the Internal Audit Department, Moniz reviewed the expense vouchers. Moniz stated that she did not sign her name as the requestor, has never seen the vouchers, and has no idea who Nelson Arias is or any service that was rendered by Nelson Arias, Inc.

14. The expense vouchers designated that all but two (2) of the checks were to be picked up from the Accounts Payable Department. Many of the vouchers indicated that "Pedro" was going to pick up the checks and listed Pedro DosSantos' extension at Georgetown University.

15. The Georgetown University Check Distribution Department maintains a log that recipients of University checks must sign in order to receive a check. The University's audit of this log revealed that checks made payable to Nelson Arias, Inc., were signed for by someone who printed the name "Pedro" on the log and signed the log illegibly.

16. Internal Audit Department of Georgetown University also reviewed invoices that were submitted to the Accounts Payable Department along with the aforementioned expense vouchers. The invoices were purportedly for consulting services provided by Nelson Arias, Inc. The address listed on all the invoices for Nelson Arias, Inc., was 1625 Q St., NW, # 105, Washington, DC. There were various zip codes used on these invoices for the same address including 20009.

17. Georgetown University copied certain documents from the hard drive of the computer DosSantos used while he worked at Georgetown University. On DosSantos' computer, they found invoices in the name of Nelson Arias, Inc., that are similar in formatting, spacing, font, and language to the invoices submitted to Georgetown University Accounts Payable Department along with the expense vouchers.

18. The computer also contained contact information for the name of Douglas Henry, 1625 Q St., NW, # 105, Washington DC, 20009.

19. DosSantos' computer also contained the curriculum vitae for Lilia Katri Moritz Schwarcz. Schwarcz was previously a lecturer at Georgetown University.

20. DosSantos' computer also contained a curriculum vitae in the name of Nelson Katri Arias. The curriculum vitae of Nelson Katri Arias contains similar entries under the headings: academic qualifications, academic leadership and coordination activities, exhibitions, and videos as those for Lilia Katri Moritz.

21. On 3/22/05, a Georgetown University internal auditor interviewed DosSantos. Expense vouchers and checks made payable to Nelson Arias, Inc. were shown to DosSantos. DosSantos admitted that he signed the name "Nelson Arias" on the reverse side of the checks made payable to Nelson Arias, Inc. DosSantos said that Nelson Arias wanted him to negotiate the checks and then provide the money to Arias. DosSantos also claimed that Naomi Moniz had in fact signed the expense vouchers.

22. The internal auditor then called Naomi Moniz into the room. Moniz, in the presence of DosSantos, stated that she did not sign her name to the expense vouchers. DosSantos then stated, "I did it," that he "betrayed" Moniz, and was "sorry."

23. The internal auditor then questioned DosSantos about whether anyone else was involved. DosSantos stated that it was only me. The Director of Latin American Studies at Georgetown University informed the Georgetown University auditor that he had never heard of a Nelson Arias. Research conducted at the request of the Georgetown University auditor failed to verify the existence of anyone named Nelson Arias in the field of as a Latin American studies.

24. On 3/22/05, DosSantos also signed a restitution agreement authorizing Georgetown University to "with hold funds due me for my annual leave as partial restitution for any funds that have been diverted by me." DosSantos also wrote that "I will sign my house deed to Georgetown University, worth $300,000."

25. DosSantos failed to appear at a 3/24/05 meeting with Georgetown University personnel. On 3/24/05, a Georgetown University employee who worked in the same department as DosSantos retrieved a voicemail message from a caller identifying himself as "Pedro." The voicemail was left at approximately 9:30 pm on 3/23/05.

26. The caller stated that he would not be coming to the meeting scheduled for 11:00 am the next day at Georgetown University. The caller also said that "I will be in Brazil by the time you get this message" and that he was "about 10 minutes away from boarding this flight."

27. I checked the National Crime Information Center (NCIC) using identifying information of DosSantos. Based upon this query, I learned that DosSantos has been convicted in 1999 in criminal case number 99CR00470-001 of UnLawful Re-entry after Deportation, in violation of Title 8, U.S.C. Section 1326(a).

28. Based upon the foregoing facts, I believe there is probable cause that Pedro DosSantos, while in the District of Columbia, knowingly executed a scheme or artifice to defraud a financial institution in order to obtain money, funds, credits, or assets owed by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises in violation of 18 United States Code §1344.

                                                                                                             _____

                                                                                                             Anthony Saler, Special Agent
                                                                                                             United States Secret Service

Subscribed to and sworn before me
this \_\_\_\_th day of March 2005.

_____
United States Magistrate Judge