UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on April 29, 2005

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| | : | GRAND JURY ORIGINAL |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| | : | |
| | : | |
| PEDRO PAULO DOS SANTOS, | : | |
| a.k.a. PEDRO DOS SANTOS | : | 18 U.S.C. § 1344 (Bank Fraud) |
| | : | 18 U.S.C. § 1341 (Mail Fraud) |
| | : | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | : | (Money Laundering) |
| Defendant. | : | 18 U.S.C. § 2 (Causing an Act to be Done) |
| | : | 22 D.C. Code §§ 3211(b)(2), 3212(a) |
| | : | (First Degree Theft) |

## INDICTMENT

The Grand Jury charges that:

**COUNTS ONE THROUGH FIVE
(BANK FRAUD)**

Introduction

At all times material to this Indictment:

1. Georgetown University ("Georgetown") is a major student-centered, international, research university offering respected undergraduate, graduate and professional programs. Georgetown is located at 37th and O Streets, N.W., in Washington, D.C.

2. Georgetown's Edmund A. Walsh School of Foreign Service (SFS) conducts an

undergraduate program for over 1,400 students and graduate programs to the Master's level for some 500 students. The Brazilian Studies Program is part of the Center for Latin American Studies at the SFS. The Brazilian Studies Program is dedicated to promoting a greater understanding of Brazil in areas such as history, politics, culture, economy, and environment.

3. From 1998 until March 2005, PEDRO PAULO DOS SANTOS, also known as PEDRO DOS SANTOS ("P. DOS SANTOS"), worked at Georgetown in various capacities. Beginning in 2000, through July 2002, P. DOS SANTOS worked at Georgetown's Robert Emmett McDonough School of Business. Beginning July 2002, through March 23, 2005, P. DOS SANTOS worked at the Brazilian Studies Program as the Associate Director and Program Coordinator for the Political Database and Brazilian Studies Program. P. DOS SANTOS was terminated from his position on March 23, 2005, after Georgetown learned that he had stolen over $300,000 from the University.

4. In the course of his work as Associate Director and Program Coordinator for the Political Database and Brazilian Studies Program, P. DOS SANTOS had access to the Georgetown files and computers which contained information relating to guest lecturers and paperwork utilized by the University to compensate lecturers and other vendors for services provided on behalf of the University. As an individual with access to financial information, P. DOS SANTOS was familiar with the documents and authorizations required to compensate vendors for their services.

5. As part of its normal operations, Georgetown deposited funds into a checking account at a Riggs Bank, N.A., branch located at 2929 M Street, N.W., in Washington, D.C. (account number XXXXX2066, hereinafter, Georgetown Checking Account). Funds would be disbursed from the Georgetown Checking Account in the normal course of paying for goods and/or services rendered by various vendors on behalf of Georgetown.

6. Georgetown's accounts payable department was responsible for processing for payment the services, expenses and/or goods that had been rendered on behalf of Georgetown. For non-recurrent supplies and services, such as vendor fees, honoraria payments and consultation fees, the accounts payable department used expense voucher forms to process these payments. The accounts payable department also required the submission of an original invoice from the vendor seeking payment. Generally, this method of payment occurred after services had been rendered and goods received. The Georgetown employee preparing the voucher (the "requestor") was required to complete the expense voucher by listing details of the expenditure on the voucher. These details included the purpose of the expenditure, the payee's name and address, and the amount to be reimbursed. In addition, the requestor was required to designate the handling of the voucher by specifying on the voucher whether the reimbursement check should be mailed to the payee or held for pick up. The prevailing policies and procedures required that each expense voucher must be authorized via a signature of the departmental manager of the Georgetown department that requested payment. For security purposes, it was Georgetown policy that this authorized signature must be from a different individual than the requestor.

7. Defendant, P. DOS SANTOS, held a checking account at SunTrust Bank (account number XXXXX4077). From at least November 2002, to March 23, 2005, P. DOS SANTOS' payroll checks from Georgetown were deposited into account number XXXXX4077.

8. Defendant, P. DOS SANTOS, also held a checking account at Riggs Bank, N.A. (account number XXXXX6114).

9. MARIA ALINE DOS SANTOS, also known as MARIA DOS SANTOS ("M. DOS SANTOS"), was the niece of P. DOS SANTOS. At all times relevant to this indictment, M. DOS

SANTOS was legally married to an individual named NELSON STEVE ARIAS, also known as NELSON ARIAS ("ARIAS").

10. Beginning December 2001, M. DOS SANTOS and ARIAS held a joint checking account at SunTrust Bank (account number XXXXX2999). Beginning July 2003, M. DOS SANTOS and ARIAS held another joint checking account at SunTrust Bank (account number XXXXX0968).

11. Riggs Bank, N.A., and SunTrust Bank were financial institutions whose assets were insured by the Federal Deposit Insurance Corporation. Riggs Bank, N.A, merged into the PNC Bank in May of 2005, which was also a financial institution insured by the Federal Deposit Insurance Corporation.

The Scheme

12. Between from at least 2001, to in or about March 2005, in the District of Columbia and elsewhere, defendant, P. DOS SANTOS, knowingly engaged in a scheme and artifice to defraud financial institutions, and to obtain money belonging to and under the custody and control of financial institutions, by means of false and fraudulent pretenses, representations and promises.

Manner and Means

13. From in or about September 19, 2001, to in or about February 1, 2005, defendant, P. DOS SANTOS, obtained 118 checks from Georgetown by developing a scheme by which he would write, sign and issue, or cause to be written, signed and issued, checks to a fictitious lecturer purportedly for consulting services.

14. In furtherance of his scheme to justify payments from Georgetown for fictitious consulting and guest lecturing services, P. DOS SANTOS created a false or fraudulent curriculum vitae in the name of "Nelson Katri Arias" that indicated academic qualifications, employment history

and academic leadership positions.

15. To further the fraudulent scheme, P. DOS SANTOS created false or fraudulent invoices that indicated the dates of the fictitious honoraria and consulting services performed by "Nelson Katri Arias" on behalf of Georgetown and the amount due to "Nelson Arias, Inc." or "Nelson Arias."

16. P. DOS SANTOS also completed false or fraudulent expense vouchers on which he recorded false or fraudulent claims for each of the fictitious services performed by "Nelson Katri Arias" d.b.a. "Nelson Arias, Inc."

17. P. DOS SANTOS submitted or caused to be submitted to the Georgetown accounts payable department the false and fraudulent invoices and expense vouchers in order to obtain payments in the form of checks from Georgetown for the aforementioned fictitious services that had not been rendered. All 118 fraudulent checks were made payable to "Nelson Arias" or "Nelson Arias, Inc."

18. Moreover, in an attempt to disguise the illegal source of the stolen funds, P. DOS SANTOS, with or without the assistance of M. DOS SANTOS, deposited the Georgetown checks for fictional expenses into one or more of the SunTrust Bank joint checking accounts held by M. DOS SANTOS and ARIAS. P. DOS SANTOS gained control over these funds by instructing M. DOS SANTOS to withdraw funds from the joint checking accounts and to disburse these funds to P. DOS SANTOS.

19. In addition, P. DOS SANTOS deposited some of the Georgetown checks for fictional expenses directly into his Riggs Bank account or one or more of his SunTrust Bank checking accounts. During the course of the scheme, P. DOS SANTOS stole in excess of $310,000 from Georgetown.

20. Between from at least 2001 to on or about February 2, 2005, in the District of Columbia and elsewhere, in order to carry out the aforementioned scheme and artifice to defraud, defendant PEDRO PAULO DOS SANTOS also known as PEDRO DOS SANTOS committed the following acts, among others:

| COUNT | DATE | ACTIVITY |
| --- | --- | --- |
| ONE | August 12, 2002 | $6,000 belonging to Georgetown deposited into the SunTrust Bank joint checking account of MARIA ALINE DOS SANTOS and NELSON ARIAS, account number XXXXX2999 |
| TWO | November 8, 2002 | $3,000 belonging to Georgetown deposited into the SunTrust Bank joint checking account of MARIA ALINE DOS SANTOS and NELSON ARIAS, account number XXXXX2999 |
| THREE | September 26, 2003 | $3,000 belonging to Georgetown deposited into the SunTrust Bank joint checking account of MARIA ALINE DOS SANTOS and NELSON ARIAS, account number XXXXX0968 |
| FOUR | February 10, 2004 | $2,000 belonging to Georgetown deposited into the SunTrust Bank account of PEDRO PAULO DOS SANTOS a.k.a. PEDRO DOS SANTOS, account number XXXXX4077 |
| FIVE | February 2, 2005 | $2,450 belonging to Georgetown deposited into the Riggs account of PEDRO PAULO DOS SANTOS a.k.a. PEDRO DOS SANTOS, account number XXXXX6114 |

**(Bank Fraud and Causing an Act to be Done, in violation of
Title 18, United States Code, Sections 1344(2) and 2)**

## COUNTS SIX AND SEVEN
## (MAIL FRAUD)

21. Paragraphs 1 through 11 and 13 through 19 of the Indictment are incorporated herein by reference.

22. Between from about 2001 and on or about February 1, 2005, in the District of Columbia and elsewhere, the defendant PEDRO PAULO DOS SANTOS, also known as PEDRO DOS SANTOS devised and intended to devise a scheme and artifice to defraud Georgetown, and to obtain money and property from Georgetown, by means of false and fraudulent pretenses, representations, and promises, well knowing that the pretenses, representations, and promises were false and fraudulent when made.

23. On or about each of the approximate dates listed below, in the District of Columbia and elsewhere, the defendant, PEDRO PAULO DOS SANTOS, also known as PEDRO DOS SANTOS, for the purpose of executing the scheme and artifice, knowingly caused the following items to be delivered by mail by the United States Postal Service, according to the direction on the associated expense vouchers:

| Count | Date | Mailed Item |
|---|---|---|
| SIX | November 13, 2001 | Check Number 027197 dated November 13, 2001, payable to Nelson Arias, Inc., in the amount of $7,000. |
| SEVEN | January 11, 2002 | Check Number 037841 dated January 11, 2002, payable to Nelson Arias, Inc., in the amount of $7,000. |

**(Mail Fraud and Causing an Act to be Done, in violation of
Title 18, United States Code, Sections 1341 and 2)**

## COUNTS EIGHT AND NINE
## (MONEY LAUNDERING)

24. Paragraphs 1 through 11 and 13 through 19 of the Indictment are incorporated herein by reference.

25. On or about the dates set forth below, in the District of Columbia and elsewhere, defendant, PEDRO PAULO DOS SANTOS also known as PEDRO DOS SANTOS did knowingly and willfully conduct, aid or abet, and attempt to conduct a financial transaction affecting interstate and foreign commerce as further described in the table below, which involved the proceeds of a specified unlawful activity, that is Bank Fraud, in violation of Title 18, United States Code Section 1344, as further described in Counts 1 through 5 of this Indictment, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| EIGHT | August 13, 2002 | Transfer of $4,800 from the SunTrust Bank joint checking account of MARIA ALINE DOS SANTOS and NELSON ARIAS, account number XXXXX2999 to SunTrust Bank account of PEDRO PAULO DOS SANTOS a.k.a. PEDRO DOS SANTOS, number XXXXX4077 |

| NINE | November 12, 2003 | Transfer of $2,600 from the SunTrust Bank joint checking account of MARIA ALINE DOS SANTOS and NELSON ARIAS, account number XXXXX0968 to SunTrust Bank account of PEDRO PAULO DOS SANTOS a.k.a. PEDRO DOS SANTOS, number XXXXX4077 |

**(Money Laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i)**

## COUNT TEN
### (THEFT IN THE FIRST DEGREE)

26. Paragraphs 1 through 11 and 13 through 19 of the Indictment are incorporated herein by reference.

27. From between in or about September 2001, until in or about February 2005, in a continuing course of conduct, in the District of Columbia, defendant PEDRO PAULO DOS SANTOS also known as PEDRO DOS SANTOS wrongfully obtained over $310,000 in monies from Georgetown with the intent to appropriate the property to his own use or to the use of third persons.

**(Theft in the First Degree, in violation of Title 22, District of Columbia Code, Sections 3211(b)(2) and 3212(a))**

## FORFEITURE ALLEGATION

1. The violations alleged in Counts 1 through 7 of this Indictment are realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A) and Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461.

2.	Upon conviction of one or more of the offenses alleged in Counts 1 through 7 of this Indictment, defendant PEDRO PAULO DOS SANTOS also known as PEDRO DOS SANTOS shall forfeit to the United States pursuant to Title 18, United States Code, Section 982 and Title18, United States code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following:  MONEY JUDGMENT – a sum of money equal to $311,150 in United States currency, representing the amount of proceeds obtained as a result of bank fraud, in violation of Title 18, United States Code, Section 1344, and mail fraud, in violation of Title 18, United State Code, Section 1341.  By virtue of the offenses charged in counts 1 through 7 of this Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.	The violations alleged in Counts 8 and 9 of this Indictment are realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

4.	Upon conviction of one or more of the offenses alleged in Counts 8 and 9 of this Indictment, defendant PEDRO PAULO DOS SANTOS also known as PEDRO DOS SANTOS shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1) any property involved in such offenses or traceable to such property, including but not limited to the following:  MONEY JUDGMENT – a sum of money equal to $14,000 in United States currency, representing an amount of property involved in money laundering, in violation of Title 18, United

States Code, Section 1956. By virtue of the offenses charged in counts 8 and 9 of this Indictment, any and all interest that the defendant has in the property involved in, or traceable to property involved in, money laundering, is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. Section 853(p) as incorporated by 18 U.S.C. Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 982(a)(2)(A), 982(a)(1), and 982(b)(1), and Title 28, United States Code, Section 2461 (c) (incorporating Title 18, United States Code, Section 981(a)(1)(C), and Fed. R. Crim. P. 32.2)**

A TRUE BILL

FOREPERSON

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA